UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY TAGO,

    Plaintiff,

v.                                        CASE NO: 8:05-cv-1634-T-23EAJ

CLARENDON NATIONAL
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

    The defendant asserts diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and removes this action (Doc. 1). Because the notice of removal failed to establish a basis for federal jurisdiction, an order directed the defendant to "demonstrate as a matter of fact and law that this case should not be remanded because the amount in controversy fails to meet the minimum for diversity jurisdiction." See Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (the defendant "should be afforded an opportunity to submit evidence in support of its assertion" that the amount in controversy satisfies the diversity statute). The defendant submits a response (Doc. 7) claiming that because "the plaintiff is seeking compensatory and punitive damages and attorneys' fees, and . . . has demanded $100,000.00 for these damages, it is more likely than not that the amount in controversy exceeds the $75,000.00 jurisdictional requirement." The plaintiff opposes removal.

The complaint asserts that the amount in controversy exceeds $15,000.00 and seeks damages, pre-judgment interest, costs, and attorney's fees. The complaint contains no explicit claim for punitive damages. The defendant erroneously characterizes the plaintiff's demand that the defendant "disgorge all unlawful and illegitimate monies" as a demand for punitive damages. Without respect to the absence of a demand for punitive damages, the complaint fails to allege the malice required to support punitive damages. Chrysler Corp. v. Wolmer, 499 So.2d 823, 825 (Fla. 1986); Harris v. Beneficial Finance Co. of Jacksonville, 338 So.2d 196, 200 (Fla.1976) (actual or statutory damages are "appropriate when willfulness is shown" but punitive damages are appropriate only if "'malicious intent' is proved"); see also Wilson v. O'Neal, 118 So.2d 101 (Fla.1st DCA 1960) ("Malice" describes "a wrongful act done to inflict injury or without a reasonable cause or excuse."). Accordingly, in this case, punitive damages contribute nothing to the amount in controversy.

Similarly, the plaintiff's pre-suit settlement demand of $100,000.00 contributes little to establishing the amount in controversy because nothing in the record demonstrates that the demand realistically values the plaintiff's claim. See e.g. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir.1994) (because the defendants "offered no proof that plaintiff's prayer is grossly inconsistent with her alleged damages," the court accepted the plaintiff's settlement offer as proof of amount in controversy even though a "settlement offer, by itself, may not be

determinative"). Accordingly, the settlement demand fails to demonstrate the amount in controversy.

The defendant provides no further evidence pertaining to the amount in controversy. Accordingly, the defendant's response fails to demonstrate that the amount in controversy meets the jurisdictional minimum.

In the alternative, the defendant seeks "limited discovery" to demonstrate an amount in controversy and seeks to "request admissions from the plaintiff that: (1) the total damages claimed in this case . . . exceed $75,000.00 . . . ; and (2) the plaintiff will accept a jury award in this case exceeding $75,000.00 . . . ." Further, the defendant seeks an itemization of the plaintiff's alleged damages. The defendant's proposed "limited discovery" is not likely to result in the proof required for the defendant to demonstrate that the amount in controversy exceeds the jurisdictional minimum. See e.g. Lindsay v. American General Life & Accident Ins. Co., 133 F.Supp.2d 1271 (M.D. Ala. 2001) (refusing discovery that would fail to prove jurisdictional amount). The plaintiff need not stipulate to the amount of damages and the failure to stipulate proves nothing. See e.g. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) ("the only fact alleged in support . . . is that Williams refuses to stipulate that her claims do not exceed $75,000. There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue."); Lindsay v. American General Life & Accident Ins. Co., 133 F.Supp.2d 1271 (M.D. Ala. 2001) ("[the defendant] is 'barking up the wrong tree' by asking [the plaintiff to stipulate to damages]").

Further, a determination of whether federal jurisdiction exists "ought to be made with relative dispatch so that the parties may proceed to resolution of the dispute's merits." <u>Coventry Sewage Associates v. Dworkin Realty Co.</u>, 71 F.3d 1, 4 (1st Cir. 1995); <u>see</u> <u>also</u> <u>Lindsay v. American General Life & Accident Ins. Co.</u>, 133 F.Supp.2d 1271 (M.D. Ala. 2001) (quoting <u>Coventry Sewage Associates</u> and refusing to permit a "mini-trial" to determine the amount in controversy).  Accordingly, the defendant's request for "limited discovery" is **DENIED** and the action is **REMANDED**.  The Clerk is directed to (1) mail a certified copy of this order to the Clerk of the Circuit Court for Pasco County, Florida, pursuant to 28 U.S.C. § 1447(c), (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on February 9, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc: US Magistrate Judge
   Courtroom Deputy